UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WANDEL CAMPANA,

    Petitioner,

v.                                          Case No. 8:15-cv-895-T-36TGW

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## ORDER

Wandel Campana, a Florida prisoner, timely filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 (Dkt. 1) challenging his Hillsborough County convictions. Respondent filed a response (Dkt. 18) and Campana filed a reply (Dkt. 29). Upon review, the petition will be DENIED.

### Procedural Background

Campana was convicted after a jury trial of conspiracy to traffic in heroin and attempted purchase of heroin. (Dkt. 20, Ex. 1, Vol. I, pp. 73-75). The state court sentenced him to 25 years in prison. (*Id.*, pp. 89-93). The state appellate court *per curiam* affirmed. (Dkt. 20, Ex. 5). The state court denied Campana's motion for postconviction relief filed under Florida Rule of Criminal Procedure 3.850, and the state appellate court *per curiam* affirmed the denial of relief. (Dkt. 20, Exs. 24, 26, 32).

### Facts;[1] Campana's Theory Of Defense

---

[1] The factual summary is based on the trial transcript and appellate briefs.

Detective Jose Feliciano was a "handler" for two confidential informants ("the first informant" and "the second informant"). The informants arranged to sell heroin to Campana and his brother, Gregorio Campana ("Gregorio"), in a reverse sting operation. On December 21, 2006, Detective Feliciano told the informants to record conversations they had regarding the operation. On December 28, 2006, Campana asked friend, Benjamin Hall, to travel with him "to shoot some heroin," and told Hall that they "were going to meet a new connection that Gregorio had been talking with for about a week." (Dkt. 20, Ex. 1, Vol. IV, pp. 539, 548).

That day, police arrived near the agreed-upon meeting place for the operation, a Racetrac gas station. Detective Feliciano and the first informant sat in a parked car across the street. As they waited, the first informant conducted several recorded phone calls with Gregorio. The second informant and Detective Ruth Stephenson, posing as the second informant's girlfriend, waited inside a Chevrolet Tahoe in the gas station parking lot. Gregorio arrived and parked next to the Tahoe's passenger side. Gregorio and the second informant exited their cars, shook hands, and spoke briefly before Gregorio showed the second informant bundles of money inside his car. Campana and Benjamin Hall then arrived in another car and parked on the passenger's side of Gregorio's car. The second informant, Campana, and Gregorio talked, and Campana opened his car door so that the informant could look inside. Conversations between the second informant, Campana, and Gregorio were recorded on a device worn by the second informant. Undercover officers moved in and arrested Campana, Gregorio, Hall, and the driver of Gregorio's car, Frances Velez-Sosa. Police recovered approximately $19,000 in cash from Gregorio's car, and $10,000 in cash and two loaded handguns from Campana's car.

Campana and Gregorio were tried together. Gregorio did not testify. Campana testified that Gregorio was interested in purchasing an SUV and had mentioned the Tahoe about a week earlier.

Campana stated that Gregorio said he needed $10,000 to make the purchase. Campana testified that he asked Hall to accompany him to look at the vehicle because Hall was knowledgeable about cars. Campana denied owning a gun, and testified that he and Hall traveled that night in a friend's car. Campana further denied that he agreed to buy drugs or that he arrived at the Racetrac to buy drugs.

**Standard Of Review**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Habeas relief can only be granted if a petitioner is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Section 2254(d) provides that federal habeas relief cannot be granted on a claim adjudicated on the merits in state court unless the state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor,* 529 U.S. 362, 412-13 (2000). A decision is an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413.

The AEDPA was meant "to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693

(2002). Accordingly, "[t]he focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, and . . . an unreasonable application is different from an incorrect one." *Id.* at 694. *See also Harrington v. Richter*, 562 U.S. 86, 103 (2011) ("As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.").

The state appellate court affirmed Campana's convictions and the denial of postconviction relief without discussion. These decisions warrant deference under § 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due." *Wright v. Moore,* 278 F.3d 1245, 1254 (11th Cir. 2002). *See also Richter,* 562 U.S. at 99 ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."). When a state appellate court issues a silent affirmance but a lower court explains its reasons for denying the claim, "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale" and "presume that the unexplained decision adopted the same reasoning." *Wilson v. Sellers*, 138 S.Ct. 1188, 1192 (2018).

**Exhaustion Of State Court Remedies; Procedural Default**

A federal habeas petitioner must exhaust his claims for relief by raising them in state court before presenting them in his petition. 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims

before he presents those claims to a federal court in a habeas petition.").

The requirement of exhausting state remedies as a prerequisite to federal review is satisfied if the petitioner "fairly presents" his claim in each appropriate state court and alerts that court to the federal nature of the claim. *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). "If the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established." *Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001).

**Ineffective Assistance Of Counsel**

Claims of ineffective assistance of counsel are analyzed under *Strickland v. Washington*, 466 U.S. 668 (1984). Campana must demonstrate that his counsel performed deficiently in that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88. However, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.*

Campana must also show that he suffered prejudice by demonstrating "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Obtaining relief on a claim of ineffective assistance of counsel is difficult because federal habeas review is "doubly" deferential to counsel's performance and the state court's decision. *Richter*, 562 U.S. at 105.

**Discussion**

Ground One

Campana contends that counsel was ineffective in failing to obtain disclosure of the confidential informants' identities. He claims that "had the jury discovered that both informants retained relevant evidence/information collaborating Defendant's theory of defense, there is a reasonable probability of a different outcome." (Dkt. 1-1, p. 1). Alternatively, he alleges, the trial court would have granted his motion for judgment of acquittal. As a result of counsel's failure to uncover the informants' identities, Campana claims, the State was allowed to present the informants' statements through the hearsay testimony of Detectives Feliciano and Stephenson, in violation of his constitutional rights to a fair trial, confrontation, and cross-examination.

When Campana raised this claim in his postconviction motion, the state court found it to be facially insufficient because Campana did not "sufficiently allege prejudice resulting from counsel's asserted deficiency." (Dkt. 20, Ex. 25, p. 5). Accordingly, the court allowed Campana an opportunity to amend the defect in his claim. (*Id.*). When Campana did not file an amendment as directed,[2] the state court denied this claim:

> Defendant alleges in ground one that counsel was ineffective for failing to seek disclosure of two confidential informants who would have provided relevant information to Defendant's theory of defense. In support of his claim, Defendant alleges that the State charged him with conspiracy to traffic in heroin and attempted armed trafficking in illegal drugs based on a December 28, 2006, encounter with undercover Detective Jose Feliciano, Frances Velez-Sosa, Benjamin Hall, and his co-defendant, Defendant's brother Gregorio Campana. Defendant further alleges that it was discovered that Detective Feliciano used two confidential informants to engage in the buy/sell transaction that took place. At trial, Defendant asserts that as part of his theory of defense, defense counsel argued that law enforcement relied on two confidential informants who were working off charges or had monetary incentive to provide untruthful information for their benefit. Defendant alleges that he testified at

---

[2] It appears that Campana prepared an amendment to this claim but never sent it to the state court. The amendment's certificate of service indicates that it was only sent to the Office of the State Attorney. (Dkt. 20, Ex. 28).

> trial that he was not going on a trip to buy heroin with his brother; rather, he was driving to Tampa with his brother in order to loan him money to buy a car and had no knowledge of an attempted drug transaction. Defendant contends that the State did not present the testimony of the confidential informants, but brought forth the substance of their testimony through Detectives Feliciano and Ruth Stephenson. Defendant contends that counsel acted deficiently in failing to seek disclosure of the identities of the two confidential informants because each could have testified that neither Defendant nor his brother ever discussed a drug deal, but that they were at the location of the transaction to purchase a car.
>
> Defendant maintains that a motion seeking disclosure under *Rovario v. United States*, 353 U.S. 53 (1957) and its progeny would have been successful because counsel would have been able to establish that the informant's testimonies were relevant and helpful to the defense and essential to a fair determination of guilt; thus overcoming the State's privilege of non-disclosure. Defendant avers that the record establishes that the informants were an integral part in the drug deal, participating in, and facilitating, the transaction. Because the identities of the confidential informants were not disclosed, Defendant argues that the State was allowed to attempt to prove through hearsay alone that conspiracy to traffic in heroin occurred. Finally, Defendant alleges "that had [] counsel moved to disclose the identity of the confidential informants, and said motion be[e]n granted, the two informants would have provided substance to the defense theory that the Defendant left Sarasota to purchase a car, with his brother because there was no attempt to purchase heroin."
>
> In the Court's January 24, 2014 Order, the Court found ground one to be facially insufficient as Defendant did not allege that a motion for disclosure would have been granted, or how the outcome of the proceedings would have been different had counsel sought disclosure of the identities of the two confidential informants. The Court allowed Defendant over 60 days to amend his claim, if it could be corrected; however, Defendant has failed to correct these pleading deficiencies by filing an amended ground one. Therefore ground one is denied with prejudice.

(Dkt. 20, Ex. 26, pp. 4-5).

The state court's denial of the claim as facially insufficient was a ruling on the merits. *Pope v. Sec'y, Dep't of Corr.*, 680 F.3d 1271, 1286 (11th Cir. 2012); *Borden v. Allen*, 646 F.3d 785, 813 (11th Cir. 2011); *Gaedtke v. Sec'y, Dep't of Corr.*, 369 Fed. App'x 12, 14, 16 n. 2 (11th Cir. 2010). In denying Campana's claim, the state court determined that he did not establish a reasonable probability that the motion to disclose the informants' identities would have been granted or that the outcome of the proceeding would have been different.

The government has a limited privilege to withhold disclosure of its informants' identities. *Rovario v. United States*, 353 U.S. 53 (1957). The purpose of this privilege "is the furtherance and protection of the public interest in effective law enforcement." *Id.* at 59. But the privilege "must give way" when an informant's identity is "relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." *Id.* at 60-61. Determining whether disclosure is required involves balancing "the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id.* at 62. In making this assessment, courts focus on "the extent of the informant's participation in the criminal activity, the directness of the relationship between the defendant's asserted defense and the probable testimony of the informant, and the government's interest in nondisclosure." *United States v. Tenorio-Angel*, 756 F.2d 1505, 1509 (11th Cir. 1985).

The state court did not unreasonably deny Campana's claim. While the informants were involved in the offenses, Campana's claim is too speculative and conclusory to show that their potential testimony was significant and directly related to his theory of defense. "Mere conjecture or supposition about the possible relevancy of the informant's testimony is insufficient to warrant disclosure. . . . The defendant must show that the informant's testimony would significantly aid in establishing an asserted defense." *Id.* at 1511 (quoting *United States v. Kerris*, 748 F.2d 610, 614 (11th Cir. 1984)).

Campana's statement is speculative in that he simply makes a conclusory statement, without further support or explanation, that the informants would have corroborated his theory. The speculative nature of this claim is also apparent in light of the State's evidence of guilt, none of which suggests that Gregorio told Campana that he wanted to purchase the Tahoe, or that Campana had any other reason to believe the meeting was for a vehicle sale. None of the recordings between the informants

and the defendants, including the conversation at the meeting site, refer to the sale of a vehicle. (Dkt. 20, Ex. 1, Supp. I, pp. 147-54, 167-73). The State also introduced a recorded conversation of Campana, Gregorio, and Hall as they sat in a police car following their arrests. (Dkt. 20, Ex. 1, Vol. III, pp. 356-61). At least one of them[3] talked about having needles and a spoon, but tried to reason that they should relax because they had not been found in possession of drugs. (*Id.*, p. 158). The conversation contained no references to a vehicle sale, and none of the participants protested that he did not know the meeting was to involve drugs. (*Id.*, pp. 155-66). Furthermore, Detective Stephenson, who remained inside the Tahoe while the second informant got out and spoke to Campana and Gregorio, testified that Gregorio never opened the Tahoe's doors or hood. (Dkt. 20, Ex. 1, Vol. IV, pp. 404, 515-16). Finally, Benjamin Hall testified that Campana sought Hall's involvement in a heroin transaction and promised to compensate him with heroin; that Hall was to inject heroin at the meeting site to tell Campana and Gregorio how good it was; that after Campana met with the second informant, he told Hall that Hall would be injecting heroin; and that Campana never mentioned buying a vehicle. (*Id.*, pp. 539-40, 543, 549, 560).

This type of speculation is insufficient to show that Campana was prejudiced by counsel's failure to seek disclosure of the informants' identities. *See Wood v. Bartholomew*, 516 U.S. 1, 8 (1995) (a federal court may not grant habeas relief "on the basis of little more than speculation with slight support."); *Tejada v. Dugger*, 941 F.2d 1551, 1559 (11th Cir. 1991) (vague, conclusory, or unsupported allegations cannot support an ineffective assistance of counsel claim). Accordingly, as Campana did not present information sufficient to prove that the informants' identities were helpful to the defense or essential to a fair determination of guilt, *see Rovario*, 353 U.S. at 60-61, he has not

---

[3] Because the transcript of this recording lists the speakers as "unidentified males," particular statements cannot be attributed to any of the participants.

established a reasonable probability that a motion to disclose their identities would have succeeded. Campana does not show that the court unreasonably applied *Strickland*'s prejudice prong or unreasonably determined the facts in denying his claim. He is not entitled to relief on Ground One.

Ground Two

Campana argues that trial counsel was ineffective in failing to object to the admission into evidence of his and Gregorio's cell phone records. He claims that the records were inadmissible under state evidentiary law. After addressing relevant Florida law and the record, the state court denied Campana's claim:

> The Court now finds, based on a review of the record, that counsel had no reason to maintain his objection because the phone records were properly authenticated and constituted admissible hearsay. *See* §§ 90.803(6)(a), 90.902(11), Fla. Stat. (2008). The Court cannot find counsel ineffective for failing to maintain an objection when he had no basis to do so. *See Rogers v. State*, 957 So. 2d 538, 548 (Fla. 2007). Accordingly, because the record refutes his allegations, Defendant is not entitled to relief and ground 2 is properly denied.

(Dkt. 20, Ex. 26, pp. 8-9).

The state court found that the phone records were properly admitted under Florida law. Although Campana's allegation of ineffective assistance raises a federal constitutional claim, this Court must defer to the state court's determination of the underlying state law question. *See Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1355 (11th Cir. 2005) ("It is a 'fundamental principle that state courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters.'" (quoting *Agan v. Vaughn*, 119 F.3d 1538, 1549 (11th Cir. 1997)). As the state court found, counsel is not ineffective for not raising a meritless claim. *See Bolender v. Singletary*, 16 F.3d 1547, 1573 (11th Cir. 1994) ("[I]t is axiomatic that the failure to raise nonmeritorious issues does not constitute ineffective assistance."). Accordingly, Campana fails to show that counsel performed deficiently in not objecting to the records' introduction. Campana does not establish that

the state court's decision resulted in an unreasonable application of *Strickland* or was based on an unreasonable determination of fact. He is not entitled to relief on Ground Two.

Ground Three

Campana alleges that the trial court erred in denying his motion to sever his trial from Gregorio's trial. Initially, the claim is not cognizable because it fails to allege a federal constitutional violation. *See* 28 U.S.C. § 2254(a). Even liberally construing Ground Three as presenting a federal constitutional challenge, however, Campana cannot obtain relief. Campana alleges that the court erred in denying a severance because he and Gregorio had mutually antagonistic defenses and because he was entitled to call Gregorio as a witness to elicit exculpatory testimony from him. He alleges that, had a severance been granted, he would not have been found guilty because the evidence against him was weak.

Campana's claim is unexhausted because he did not raise it on direct appeal. He instead argued on appeal that the court should have granted his motion to sever because 1) he was prevented from cross-examining Gregorio about his recorded statements in violation of his right to confrontation, and 2) a joint trial "potential[ly]" violated *Bruton v. United States*, 391 U.S. 123 (1968). (Dkt. 20, Ex. 2, pp. 25-29). State procedural rules do not provide for a second direct appeal. *See* Fla. R. App. P. 9.140(b)(3). Accordingly, Campana's claim is procedurally defaulted. *See Smith*, 256 F.3d at 1138.

Campana appears to argue that he has established cause because his appellate counsel was ineffective in failing to raise the claim on appeal. Ineffective assistance of counsel can constitute cause to overcome a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). First, however, the petitioner must raise the allegation of ineffective assistance in state court. *See id.* ("[I]neffective assistance adequate to establish cause for the procedural default of some *other*

constitutional claim is *itself* an independent constitutional claim . . . [that must] be first raised in state court.") (emphasis in original). Campana did not present this ineffective assistance claim to the state court. Although he filed a state habeas petition alleging ineffective assistance of appellate counsel, he did not argue that appellate counsel was ineffective in his presentation of the severance claim. (Dkt. 20, Ex. 14). As Campana cannot return to state court to file an untimely challenge to his appellate counsel's performance, *see* Fla. R. App. P. 9.141(d)(5), this claim is itself procedurally defaulted. Accordingly, Campana fails to establish the cause and prejudice exception. *See Carpenter*, 529 U.S. at 451-52; *see also Hill v. Jones*, 81 F.3d 1015, 1030 (11th Cir. 1996) ("[T]he Supreme Court's jurisprudence on procedural defaults dictate[s] that procedurally-defaulted claims of ineffective assistance *cannot* serve as cause to excuse a default of a second claim.") (emphasis in original). Campana does not allege that the fundamental miscarriage of justice exception applies to overcome the default. Therefore, the claim raised in Campana's federal habeas petition is barred from review.

In his reply, Campana raises the claim that he brought on direct appeal. Campana is prohibited from bringing a new claim in his reply. *See Herring*, 397 F.3d at 1342 ("As we repeatedly have admonished, arguments raised for the first time in a reply brief are not properly before a reviewing court.") (internal quotation marks and citation omitted); *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) ("We do not address arguments raised for the first time in a *pro se* litigant's reply brief. *Lovett v. Ray*, 327 F.3d 1181, 1183 (11th Cir. 2003). Timson, thus, has abandoned this issue.").

Even if the reply was read as a request to amend the petition, and even assuming that the claim in the reply relates back to the claim brought in the petition,[4] Campana has not shown entitlement to

---

[4] *See Mayle v. Felix*, 545 U.S. 644, 664 (2005).

relief. In *Bruton*, a co-defendant's confession implicated Bruton. Admission of the confession at a joint trial during which the co-defendant did not testify violated Bruton's rights under the Confrontation Clause. *Bruton*, 391 U.S. at 126. In support of his *Bruton* claim, Campana in his appeal identified two comments by Gregorio. In a call between the first informant and Gregorio on the date of the arranged purchase, Gregorio stated, "I'm going to pick up my brother to [unintelligible] and the guy that's coming to test the stuff." (Dkt. Ex. 1, Supp. I, p. 154). Then, in a recorded conversation between the second informant and Gregorio at the gas station, the informant asked Gregorio where his brother was. Gregorio answered, "he is there [unintelligible] look at him there, I even have his tester and all." (*Id.*, p. 170).

Campana cannot show entitlement to relief. The Confrontation Clause of the Sixth Amendment provides that in a criminal prosecution, "the accused shall enjoy the right . . . to be confronted by the witnesses against him." U.S. Const. Amend. VI. After *Bruton*, the Supreme Court decided *Crawford v. Washington*, holding that the Confrontation Clause permits "[t]estimonial statements of witnesses absent from trial . . . only where the declarant is unavailable, and only where the defendant has had a prior opportunity to cross-examine." 541 U.S. 36, 59 (2004). The Confrontation Clause does not apply to non-testimonial out-of-court statements. *See Whorton v. Bockting*, 549 U.S. 406, 420 (2007) ("Under *Crawford*, . . . the Confrontation Clause has no application" to "an out-of-court nontestimonial statement not subject to prior cross-examination.").

Testimonial statements include those "made under circumstances which would lead an objective witness reasonably to believe that the statement would be available for use at a later trial." *Crawford*, 541 U.S. at 52. *See also Davis v. Washington*, 547 U.S. 813, 822 (2006) (statements are testimonial when "circumstances objectively indicate that . . . the primary purpose of the interrogation is to establish or prove past events potentially relevant to later criminal prosecution.").

Campana does not establish that Gregorio's statements to the informants were testimonial, as there is simply no indication that Gregorio made them for use at a future trial. *See, e.g., United States v. Makarenkov*, 401 Fed. App'x 442, 444 (11th Cir. 2010) ("[T]he statements made by [a co-conspirator] to the confidential informant were not testimonial because the statements were not made under circumstances in which he would expect his statements to be used in court–he believed he was speaking to a trusted accomplice in crime. Therefore, the admission of [the co-conspirator's] statements did not violate Makarenkov's rights under the Confrontation Clause."); *United States v. Underwood*, 446 F.3d 1340, 1347 (11th Cir. 2006) (recorded statements of co-conspirator to informant made "in furtherance of the criminal conspiracy . . . clearly were not made under circumstances which would have led him reasonably to believe that his statement would be available for use at a later trial" because had the declarant known he was talking to an informant "it is clear that he never would have spoken to [the informant] in the first place.").

Because Gregorio's statements were non-testimonial, no Confrontation Clause violation occurred, even if *Bruton* is implicated. The Eleventh Circuit has stated:

> We have not yet addressed, in a published case, whether an out-of-court statement must be testimonial for *Bruton* to apply. However, we conclude that, as *Bruton* was premised on the Confrontation Clause, its protections only apply to testimonial statements. Every other Circuit to have considered the issues has concluded the same. *See, e.g., United States v. Berrios*, 676 F.3d 118, 128–29 (3d Cir.2012); *United States v. Castro–Davis*, 612 F.3d 53, 65–66 (1st Cir.2010); *United States v. Smalls*, 605 F.3d 765, 768 n. 2 (10th Cir.2010); *United States v. Johnson*, 581 F.3d 320, 325–26 (6th Cir.2009); *United States v. Avila Vargas*, 570 F.3d 1004, 1008–09 (8th Cir.2009). Accordingly, here, there was no *Bruton* error.

*United States v. Rodriguez*, 591 Fed. App'x 897, 902 (11th Cir. 2015).

Campana's claim fails, as he has not shown that *Bruton* applied to Gregorio's non-testimonial

statements.[5] And to the extent Campana makes a general Sixth Amendment Confrontation Clause claim concerning Gregorio's other recorded statements to the informants, his federal claim is unexhausted. On appeal, Campana only argued a violation of his right to confrontation without specifically alleging a federal constitutional violation. (Dkt. 20, Ex. 2, p. 26). *See Zeigler v. Crosby*, 345 F.3d 1300, 1307 (11th Cir. 2003) ("To present a federal constitutional claim properly in state court, 'the petitioner must make the state court aware that the claims asserted present federal constitutional issues.'") (quoting *Snowden v. Singletary*, 135 F.3d 732, 735 (11th Cir. 1998)). His federal claim is now procedurally defaulted, and he has not shown the applicability of an exception to excuse the default. Notwithstanding the default, Campana does not show a Confrontation Clause violation because, as addressed, Gregorio's statements were non-testimonial. Campana has not demonstrated that the state appellate court's denial of his claim involved a decision that was contrary to or an unreasonable application of clearly established federal law, or was based on an unreasonable factual determination. He is not entitled to relief on Ground Three.

Ground Four

Campana argues that the trial court erred in overruling counsel's objection to the admission of recorded conversations between Gregorio and the confidential informants that were introduced at trial. The State introduced three conversations between Gregorio and the first informant (tracks two, three, and four, which were identified as State's Exhibits 8-A, 8-B, and 8-C) during the direct examination of Detective Feliciano. These were the calls made while the first informant and

---

[5] Even if *Bruton* applied and the introduction of Gregorio's statements was error, Campana does not show that the introduction of these isolated remarks had a substantial and injurious effect on the verdict. *See Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (a constitutional error will provide habeas relief only when a petitioner shows actual prejudice in that "the error 'had substantial and injurious effect or influence in determining the jury's verdict.'" (quoting *Kotteakos v. United States*, 328 U.S. 750, 766 (1946))). *See also Schneble v. Florida*, 405 U.S. 427, 432 (1972) (A new trial is required following a *Bruton* violation if "there is a reasonable possibility that the improperly admitted evidence contributed to the conviction.").

Detective Feliciano waited near the arranged meeting site. The State also introduced one conversation between Gregorio, Campana, and the second informant (track five, which was identified as State's Exhibit 8-E) during the direct examination of Detective Stephenson. This recording was obtained from a recording device worn by the second informant.

Campana alleges that the trial court erred because the conversations did not qualify under the co-conspirator hearsay exception; because the State did not lay a proper foundation for the admission of the conversations; and because the State failed to satisfy the requirements of Chapter 934, Fla. Stat., concerning surveillance and interception of communications. However, these allegations involve the proper application of state evidentiary law. This question of state law is not cognizable on federal habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to re-examine state-court determinations on state-law questions."); *Wainwright v. Goode*, 464 U.S. 78, 83 (1983) ("It is axiomatic that federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension.").

Campana also alleges that the trial court erred because introduction of Gregorio's and the informants' statements, through audio recordings and transcripts, "violated his right to confrontation, and thus, his right to a fair trial, contrary to the 6th Amendment of the U.S. Constitution." (Dkt. 1-1, p. 15).[6] Counsel objected on Confrontation Clause grounds when the State moved to introduce the conversations. (Dkt. 20, Ex. 1, Vol. III, pp. 256-58, 263-64, Vol. IV, pp. 417-18). The state appellate

---

[6] Campana also states that the conversations did not establish a conspiracy, and that "the State's repeated reference that these recordings did establish a conspiracy was highly prejudicial." (Dkt. 1-1, p. 15). To the extent he intends to bring independent claims of prosecutorial misconduct and insufficiency of the evidence, his allegations are not cognizable because he alleges no federal constitutional violation. *See Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) ("[A] habeas petition grounded on issues of state law provides no basis for habeas relief."). Further, even if his claims could be read to allege federal constitutional violations, the claims are unexhausted due to Campana's failure to raise them on direct appeal, and are procedurally defaulted. (*See* Dkt. 20, Ex. 2). Campana does not show that an exception applies to excuse the default. Consequently, the claims are barred from review.

court denied Campana's claim through its *per curiam* affirmance of the convictions and sentences.

Campana fails to show entitlement to relief. As addressed in Ground Three, *supra*, Gregorio's statements to the informants were not testimonial and thus were not barred by the Confrontation Clause. Further, because Campana does not demonstrate that the informant's taped statements were made to establish or prove past events for purposes of a later trial, he cannot show that they were testimonial. *See Davis*, 547 U.S. at 822; *Crawford*, 541 U.S. at 52. But, even assuming the informants' statements were testimonial, the Sixth Amendment right to confrontation "does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." *Crawford*, 541 U.S. at 59 n.9.

The informants' statements were introduced to give context to Campana's and Gregorio's statements. In the conversations found on tracks two, three, and four, Gregorio and the first informant discussed a time and place to meet and Gregorio's bringing Campana and "a guy . . . to test the stuff" to the meeting. (Dkt. 20, Ex. 1, Supp. I, pp. 147-54). Similarly, on track five, Campana and Gregorio talked to the second informant at the gas station about money to be exchanged and the use of a tester. (*Id.*, pp. 167-72). Because the informants' statements placed into context Campana's and Gregorio's statements that went to establishing the conspiracy to traffic in heroin and attempted purchase of heroin, the Confrontation Clause was not violated. *See United States v. Augustin*, 661 F.3d 1105, 1128 (11th Cir. 2011) ("This Court has explained that the Confrontation Clause is not violated by a non-testifying informant's recorded statements when offered only to place the defendant's statements in context.") (citations omitted); *United States v. Boykins*, 380 Fed. App'x 930, 933 (11th Cir. 2010) ("[A] confidential informant's recorded statements offered . . . to give context to a defendant's statements are not hearsay because they are not offered for the truth of the matter asserted."); *United States v. Toepfer*, 317 Fed. App'x 857, 860 (11th Cir. 2008) ("[T]he recorded statements of [a

confidential informant] were not used to prove the truth of the matters asserted in those statements. Rather, the statements were offered merely to provide context to [the defendant's] admissions about his activities, knowledge, and intent, and thus, did not run afoul of the Confrontation Clause.").

Campana does not establish that the state appellate court's decision was contrary to or an unreasonable application of clearly established federal law, or was based on an unreasonable determination of fact. He is not entitled to relief on Ground Four.

Any of Petitioner's allegations not specifically addressed in this Order have been deemed to be without merit.

It is therefore **ORDERED AND ADJUDGED**:

1. Campana's petition for writ of habeas corpus (Dkt. 1) is **DENIED**.

2. The Clerk is directed to enter judgment against Campana and to close this case.

3. Campana is not entitled to a certificate of appealability ("COA"). A petitioner does not have absolute entitlement to appeal a district court's denial of his habeas petition. 28 U.S.C. § 2253(c)(1). A COA must first issue. *Id*. "A [COA] may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right." *Id*. at § 2253(c)(2). To make such a showing, Campana "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Campana has not made this showing. Because Campana is not entitled to a COA, he is not entitled to appeal *in forma pauperis*.

**ORDERED** in Tampa, Florida, on June 29, 2018.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

<u>Copies to</u>:
Wandel Campana
Counsel of Record